## WACHSTEIN *v.* GERMANIA BANK.

1. Where one paragraph in a petition contains the allegation that "a copy of said protested check is hereto attached, marked Exhibit A, to which reference is prayed," the admission in the answer that the paragraph is true is to be treated as an admission that the exhibit is a true copy of the original check with all entries thereon.
2. The exhibit attached to the petition showed that the check had been properly indorsed for payment when presented.
3. The plaintiff proved his case as laid, and it was error to grant a nonsuit.

*Argued April 12, — Decided May 13, 1904.*

Action for damages.   Before Judge Norwood.   City court of Savannah.   November 25, 1903.

*Alexander & Hitch*, for plaintiff.
*George W. Owens*, for defendant.

SIMMONS, C. J.   Wachstein sued the Germania Bank for damage to his credit as a merchant, resulting from their protesting a check on the ground that there were not sufficient funds on hand when in fact there was money to his credit sufficient to meet the check.   After the protest the check was again presented and again payment was refused on the ground of want of funds.   The check was attached to the petition as an exhibit.   Appearing thereon was the indorsement of the payee, and of the bank to whom he in turn had indorsed it.   The bank admitted these facts, but claimed that the failure to pay had been caused by an oversight occasioned by its depositing Wachstein's money to another account.   It further pleaded that it had offered him $50 as compensation for the damage inflicted, and by its plea made a continuing tender of that sum.   The plaintiff offered evidence proving his financial condition and good standing as a merchant, and also to show that, without knowledge of the protest above referred to, he subsequently drew another check to the same payee in payment of a bill of goods, but that the payee declined to receive the same and returned it, presumably on the ground that as one check had

been protested he would not take another in payment of a bill of goods. At the conclusion of the evidence the court granted a nonsuit, on the ground, as stated in the brief of counsel for the plaintiff in error, that the petition did not allege that the check for protest of which the suit was brought had been properly indorsed; that it was an essential part of the plaintiff's case to allege and prove that the paper when presented contained all of the necessary indorsements in order to make the bank liable for failure to pay. The plaintiff excepted to the grant of a nonsuit.

If the petition was defective because there was no express allegation that the check was properly indorsed when presented for payment, advantage thereof should have been taken by special demurrer, and not by motion for a nonsuit. As a fact, however, the check attached as an exhibit showed that it had been properly indorsed. The answer admitted this fact when it admitted the truth of the paragraph in which the check was referred to as an exhibit. It was therefore unnecessary for the plaintiff to offer it in evidence, or incumber the record by proving what was thus admitted to be true. The defendant in its answer admitted most of the material allegations in the petition, claimed that it had offered the plaintiff a sum in satisfaction of the damage done, and made a continuing tender of that amount. The plaintiff proved his case as laid, and it was error to grant a nonsuit.

*Judgment reversed. All the Justices concur.*